**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CHARMAINE SLATER** | : | |
| | : | **CIVIL ACTION NO.:** |
| **Plaintiff,** | : | |
| | : | **3:21-cv-00283 (    )** |
| **v.** | : | |
| | : | |
| **WHISPERING PINES** | : | |
| **REHABILITATION AND** | : | |
| **NURSING CENTER, LLC** | : | |
| | : | |
| **Defendant.** | : | **March 4, 2021** |
| | : | |

**COMPLAINT**

## I.      INTRODUCTION

1.      Whispering Pines Rehabilitation and Nursing Center, LLC fired Charmaine Slater on October 3, 2019, for "inadequate note taking" a mere two weeks after she informed her supervisor that she needed foot surgery, due to her longstanding arthritic condition, and requested protected leave under the Family and Medical Leave Act.

2.      Accordingly, Ms. Slater brings claims of disability discrimination, pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60; and interference and retaliation, pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

3.      Ms. Slater demands a jury trial on all claims so triable.

## II.     JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the asserted claims occurred herein.

6.      This Court has supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

### III.     PARTIES

7.      The plaintiff, Ms. Slater, resides in Hamden, Connecticut.

8.      Ms. Slater has a physical disability – namely, arthritis.

9.      The defendant, Whispering Pines, is a corporation incorporated under the laws of the State of Connecticut and with its principal place of business in East Haven, Connecticut.

10.     Whispering Pines employs more than 50 employees in Connecticut.

11.     At all relevant times mentioned herein, Whispering Pines was Ms. Slater's employer within the meaning of the ADA, the FMLA and the CFEPA.

### IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     The plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging discriminatory termination based on her disability.   The complaint was dual filed with the federal Equal Employment Opportunity Commission ("EEOC").

13.     The CHRO complaint was filed in a timely manner insofar as it was filed within 300 days of the defendant's last discriminatory act against the plaintiff.

14.     Ms. Slater received a Release of Jurisdiction from the CHRO, dated January 13, 2021.  Ms. Slater filed this complaint within 90 days of her receipt of the Release of Jurisdiction from the CHRO.

## V.    STATEMENT OF FACTS

15.    Whispering Pines hired Ms. Slater in July 2018 as a Registered Nurse Supervisor working nights.

16.    Ms. Slater had a long career in Intensive Care nursing in a hospital setting.

17.    In July 2019, Whispering Pines had an excellent state audit, a rarity in rehabilitation and nursing centers.

18.    Chris Regan, Director of Nursing, to whom Ms. Slater reported, was extremely complimentary of Ms. Slater and her work at Whispering Pines. Ms. Regan credited Ms. Slater as the reason the audit went so well, noted how Ms. Slater's shifts were smooth, and applauded her for the lack of complaints when she was on duty.

19.    Ms. Regan continued to praise Ms. Slater, stating her "staff works fantastically," even stating ownership and management remark on how well Ms. Slater's shifts run.

20.    In September 2019, Ms. Slater learned she needed foot surgery, due to her long-standing arthritic condition, that would require her to be off her foot for months.

21.    Ms. Slater had previously had a similar foot surgery while working for a different employer, so she was familiar with the surgery and her ability to work during her recovery.

22.    Ms. Slater promptly told Ms. Regan that she expected to have surgery in approximately November 2019 and requested medical leave, to which Ms. Regan replied, "Oh my God, it's the holidays."

23.    Ms. Slater also requested a reasonable accommodation – namely, the ability to work after surgery assisted by a knee scooter, an accommodation granted to her by her former employer.

3

24.     Approximately two weeks later, Ms. Regan informed Ms. Slater that Whispering Pines denied her request for a reasonable accommodation and would not allow her to work with a knee scooter following her foot surgery.

25.     Whispering Pines never provided Ms. Slater with FMLA paperwork, nor did it inform her of her entitlements under the law or whether she was eligible.

26.     In the weeks that followed, Ms. Slater continued to work her regularly scheduled shifts and filled-in when necessary.

27.     On October 2, after Ms. Slater had worked a 16-hour shift to fill-in for a supervisor, she was suspended by Ms. Regan.

28.     The following day, October 3, Ms. Regan informed Ms. Slater she was "sick of talking" to her about patient progress notes. She then terminated Ms. Slater's employment. She said the reason was Ms. Slater's inadequate notetaking.

**FIRST CLAIM FOR RELIEF:**
**DISCRIMINATION,**
**IN VIOLATION OF THE CFEPA,**
**CONN. GEN. STAT. § 46a-60(b)(1)**

29.     The plaintiff incorporates by reference all preceding allegations in this Complaint.

30.     Ms. Slater's disability was a motivating factor in Whispering Pines' decision to take one or more adverse employment actions against her.

31.     Whispering Pines' unlawful conduct was committed willfully or with reckless disregard for Ms. Slater's right to be free from disability discrimination.

32.     As a result of Whispering Pines' conduct, Ms. Slater suffered damages and claims punitive damages.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO ACCOMODATE,**
**IN VIOLATION OF THE CFEPA,**
**CONN. GEN. STAT. § 46a-60(b)(1)**

33.     The plaintiff incorporates by reference all preceding allegations in this Complaint.

34.     Ms. Slater requested a reasonable accommodation because of her disability.

35.     Ms. Slater could perform the essential functions of her job with the reasonable accommodation.

36.     Whispering Pines failed to engage in an interactive process to determine whether it could grant Ms. Slater's accommodation; instead, it summarily denied her request.

37.     Ms. Slater's request for a reasonable accommodation was a motivating factor in Whispering Pines' decision to take one or more adverse employment actions against her.

38.     Whispering Pines' unlawful conduct was committed willfully or with reckless disregard for Ms. Slater's right to be free from disability discrimination.

39.     As a result of Whispering Pines' conduct, Ms. Slater suffered damages and claims punitive damages.

**THIRD CLAIM FOR RELIEF:**
**DISCRIMINATION,**
**IN VIOLATION OF THE AMERICANS WITH**
**DISABILITIES ACT AMENDMENTS ACT OF 2008,**
**42 U.S.C. § 12101**

40.     The plaintiff incorporates by reference all preceding allegations in this Complaint.

41.     Ms. Slater's disability was a but-for cause of Whispering Pines' decision to take one or more adverse employment actions against her.

42.     Whispering Pines' unlawful conduct was committed willfully or with reckless disregard for Ms. Slater's right to be free from disability discrimination.

43.     As a result of Whispering Pines' conduct, Ms. Slater suffered damages and claims

punitive damages.

## FOURTH CLAIM FOR RELIEF:
## FAILURE TO ACCOMODATE,
## IN VIOLATION OF THE AMERICANS WITH
## DISABILITIES ACT AMENDMENTS ACT OF 2008,
## 42 U.S.C. § 12101

44.     The plaintiff incorporates by reference all preceding allegations in this Complaint.

45.     Ms. Slater requested a reasonable accommodation because of her disability.

46.     Ms. Slater could perform the essential functions of her job with the reasonable

accommodation.

47.     Whispering Pines failed to engage in an interactive process to determine whether it

could grant Ms. Slater's accommodation; instead, it summarily denied her request.

48.     Ms. Slater's request for a reasonable accommodation was a but-for cause of

Whispering Pines' decision to take one or more adverse employment actions against her.

49.     Whispering Pines' unlawful conduct was committed willfully or with reckless

disregard for Ms. Slater's right to be free from disability discrimination.

50.     As a result of Whispering Pines' conduct, Ms. Slater suffered damages and claims

punitive damages.

## FIFTH CLAIM FOR RELIEF:
## RETALIATION, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,
## 29 U.S.C. § 2615

51.     The plaintiff incorporates by reference all preceding allegations in this Complaint.

52.     Ms. Slater exercised rights protected by the FMLA insofar as she requested FMLA

leave from Whispering Pines.

53.     Ms. Slater was qualified for the employment position she held with Whispering Pines before she was terminated.

54.     Ms. Slater suffered one or more adverse employment actions.

55.     Ms. Slater's exercise of her rights under the FMLA was a but-for cause of Whispering Pines' decision to take one or more adverse employment actions against her.

56.     As a result of Whispering Pines' retaliation against Ms. Slater's exercise of her rights under the FMLA, Ms. Slater suffered damages.

## SIXTH CLAIM FOR RELIEF:
## INTERFERENCE, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615

57.     The plaintiff incorporates by reference all preceding allegations in this Complaint.

58.     Ms. Slater exercised rights protected by the FMLA insofar as she indicated her intention to take FMLA leave and asked for necessary paperwork to process her leave.

59.     Ms. Slater was entitled to FMLA leave for her own serious health condition.

60.     Ms. Slater suffered one or more adverse employment actions, namely, Whispering Pines terminated her in order to prevent her from exercising her rights under the Act.

61.     Whispering Pines' termination of Ms. Slater was an interference with her rights under the Act.

62.     As a result of Whispering Pines' interference with Ms. Slater's rights under the FMLA, Ms. Slater suffered damages.

\* \* \*

WHEREFORE, Ms. Slater seeks the following remedies:

1. An award of back pay, front pay and other economic losses incurred, including bonuses, benefits, interest, and other consequential damages;

2. Compensatory damages for emotional distress, loss of reputation, and other non-economic damages;

3. An award of liquidated damages under the federal FMLA;

4. An award of punitive damages under the ADA and the CFEPA;

5. An award of reasonable attorney's fees and costs; and

6. Such other relief as may be just and equitable.

**RESPECTFULLY SUBMITTED,**
**THE PLAINTIFF,**
**CHARMAINE SLATER**

By:  /s/ *Amanda M. DeMatteis*

Amanda M. DeMatteis *(ct29413)*
Joshua R. Goodbaum *(ct28834)*
GARRISON, LEVIN-EPSTEIN
        FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT   06511
Tel.: (203) 777-4425
Fax: (203) 776-3965
adematteis@garrisonlaw.com
jgoodbaum@garrisonlaw.com

**Please enter our appearances on behalf of the plaintiff in this matter.**